UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BARKER, | No. 2:14-cv-2403 CKD P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | |

I. Introduction

    Plaintiff is a state prisoner, proceeding through counsel with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has paid the filing fee.

    Plaintiff alleges that he is a disabled inmate housed at California Medical Facility (CMF). In December 2013, plaintiff was transferred from his dorm to the Administrative Segregation Unit (ASU) following an altercation with another inmate. Days later, he used the shower in the ASU and, as he attempted to move back into his wheelchair, lost his balance. Without a grab bar to break his fall, plaintiff fell, injuring his left shoulder, ribs, hip, and the side of his head. He was taken to the hospital for treatment and shortly afterward, transferred to a housing unit with nursing staff available 24 hours per day. (ECF No. 1 ("Compl.") ¶¶ 2, 17-26.)

/////

Plaintiff asserts that his "obvious need for an ADA-compliant shower in the ASU contributed to and caused his injuries, and violated his rights under the ADA, the Unruh Civil Rights Act, and related California laws." (Compl. ¶ 27.) He names the following five defendants: California Department of Corrections and Rehabilitation (CDCR), CMF Warden Brian Duffy, CMF Facilities Captain K. Allen, CMF Correctional Sergeant W. Perehoduk, and CMF Correctional Officer K. Anger.

II. Screening Standard

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted,

the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

III.  ADA and Rehabilitation Act Claims

Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. (ADA), provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To state a claim under Title II of the ADA, the plaintiff must allege four elements: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability. Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002).[1]

Although § 12132 does not expressly provide for reasonable accommodations, the implementing regulations provide that "[a] public entity shall make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity." 28 C.F.R. § 35.130(b)(7).  The duty to provide "reasonable accommodations" or "reasonable modifications"

---

[1] Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, states, in pertinent part:

> No otherwise qualified individual with handicaps in the United States ... shall, solely by reason of his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance[.]

See Bonner v. Lewis, 857 F.2d 559, 561–63 (9th Cir.1988); see also Vinson v. Thomas, 288 F.3d 1145, 1152 (9th Cir. 2002) ("We examine cases construing claims under the ADA, as well as section 504 of the Rehabilitation Act, because there is no significant difference in the analysis of rights and obligations created by the two Acts." (Citation omitted.)

for disabled people under Title II of the ADA arises only when a policy, practice or procedure discriminates on the basis of disability. Weinreich v. Los Angeles County MTA, 114 F.3d 976, 979 (9th Cir. 1997).

Here, liberally construed, the complaint states claims under the ADA and Rehabilitation Act based on prison officials' failure to provide reasonable accommodations for plaintiff as a disabled person.

IV. § 1983 Claims

The Civil Rights Act provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff alleges that defendants Warden Duffy and Facility Captain Allen, acting in their individual capacities, violated plaintiff's Eighth Amendment right to be free of cruel and unusual punishment. (Comp. at 12-13.) Plaintiff alleges that these defendants "transferr[ed] Barker to a unit that lacks an ADA-complaint shower facility in the ASU once it became apparent that Barker had a qualified disability." (Id. at 6.) Supervisory personnel are generally not liable under §1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Here, plaintiff does not specifically allege that the Warden or the Facility Captain had any personal knowledge of his disability and/or had a hand in sending him to Administrative

4

Segregation (or any particular unit within ASU) in December 2013.  Thus plaintiff fails to state a § 1983 claim against any defendant.

V.  State Law Claims

Plaintiff also sues the four individual defendants under California's Disabled Persons Act (CDPA) and the Unruh Civil Rights Act.  (Compl. at 8-12.)  For a federal court to exercise supplemental jurisdiction over state law claims, plaintiff must first have a cognizable claim for relief under federal law.  See 28 U.S.C. § 1367.  Supplemental jurisdiction is proper where the relationship between the federal and state claims is such that they "form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  Moreover, if plaintiff pursues state law claims, he must demonstrate compliance with the California Tort Claims Act (CTCA).  Under CTCA, a plaintiff may not maintain an action for damages against a public employee unless he has presented a written claim to the state Victim Compensation and Government Claims Board within six months of accrual of the action.  See Cal. Gov't Code §§ 905, 911.2(a), 945.4 & 950.2; Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995).

Here, plaintiff has a cognizable claim for relief under the ADA and has sufficiently alleged compliance with the CTCA.  (Compl. ¶ 29; see ECF No. 1-2 at 2.)  Accordingly, the court will exercise supplemental jurisdiction over his state law claims.

VI.  Leave to Amend

Plaintiff will be given 30 days from the date of service of this order to amend his complaint to cure the deficiencies set forth above.  Plaintiff is not required to file an amended complaint, but failure to do so will be construed as plaintiff's consent to dismiss the above-mentioned defendants and causes of action with prejudice.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's § 1983 claims against defendants Duffy and Allen are dismissed with leave to amend;

2. If plaintiff elects to amend, any amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint";

3. If plaintiff elects to amend, the Amended Complaint shall be filed no more than thirty days from the date of this order; and

4. Upon the filing of an amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.

Dated: November 5, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/bark2403.1new