KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
CHRISTOPHER J. BECKER, State Bar No. 230529
Supervising Deputy Attorney General
DIANA ESQUIVEL, State Bar No. 202954
Deputy Attorney General
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
Telephone: (916) 445-4928
Facsimile: (916) 324-5205
E-mail: Diana.Esquivel@doj.ca.gov

*Attorneys for Defendants California Department of Corrections and Rehabilitation, Allen, Anger, Duffy, and Perehoduk*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **WILLIAM BARKER,**<br><br>Plaintiff,<br><br>**v.**<br><br>**CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al. ,**<br><br>Defendants. | No. 2:14-cv-02403 CKD<br><br>**FIRST AMENDED ANSWER TO THE FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>Action Filed: October 13, 2014 |

Defendants California Department of Corrections and Rehabilitation (CDCR), Allen, Anger, Duffy, and Perehoduk answer the first amended complaint (complaint) of Plaintiff William Barker, filed on December 2, 2014 (ECF No. 4), as follows:

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 1, 12, 18, 22 to 30, 36, 49 to 52, 59, 73, 74, 87, 88, 94, and 104 of the complaint.

2. Defendants admit that Plaintiff is a California resident, in the custody of the California Department of Corrections and Rehabilitation (CDCR), was incarcerated at California Medical Facility (CMF) at all times relevant to this lawsuit, and has physical disabilities and other medical conditions as alleged in paragraph 2 of the complaint, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

3. Defendants admit that Plaintiff is designated DPO under *Armstrong* and does not require a wheelchair but is prescribed one as alleged in paragraph 3 of the complaint, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

4. Defendants admit the allegations in paragraphs 4, 5, 14 to 16, 32 to 34, 37, 47, 48, 60 to 62, 75 to 77, and 90 to 93 of the complaint.

5. Defendants admit the allegations in paragraphs 6 to 9 of the complaint to the extent they are limited to the time relevant to this lawsuit.

6. Defendants admit that subject-matter jurisdiction, supplemental jurisdiction, and venue are proper in this Court as alleged in paragraphs 10, 11, and 13 of the complaint.

7. Defendants admit the allegations in paragraph 17 of the complaint to the extent the allegations reflect the statements contained in the chrono, but Defendants are without knowledge or information sufficient to form a belief as to the truth of the contents of the chrono.

8. Defendants admit that Plaintiff was placed in administrative segregation on December 19, 2013 for purportedly battering another inmate and that an investigation was pending as alleged in paragraph 19 of the complaint, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

9. Defendants admit that Plaintiff appeared before a classification committee on December 26, 2013 as alleged in paragraph 20 of the complaint, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

10. Defendants admit that Duffy chaired the December 26, 2013 classification committee and that he met Plaintiff at this hearing as alleged in paragraph 21 of the complaint, are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in

this paragraph, and deny that Exhibit 2 of the complaint shows that Duffy encountered Plaintiff at various classification hearings over the following four months.

11. Defendants deny the allegations in paragraphs 31, 42 to 46, 53 to 58, 63 to 72, 78 to 86, and 96 to 103 of the complaint.

12. Defendants admit that, at all times relevant to this lawsuit, they were acting in their official capacities as CDCR employees at CMF as alleged in paragraphs 38 to 41 of the complaint.

13. Defendants admit that, at all times relevant to this lawsuit, Duffy and Allen were acting under color of state law as alleged in paragraph 89 of the complaint, and deny the remaining allegations in this paragraph.

14. Defendants admit that Plaintiff has been diagnosed with degenerative arthritis of the right hip as alleged in paragraph 95 of the complaint, deny that at the relevant time he was confined to a wheelchair as alleged in this paragraph, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

15. Defendants deny that Plaintiff is entitled to any compensatory, statutory, or punitive damages, attorney's fees, or any other relief as alleged and requested on page 16 of the complaint.

16. Except as expressly admitted, Defendants deny every other allegation in the complaint.

## AFFIRMATIVE DEFENSES

**First Affirmative Defense**

Defendants are entitled to qualified immunity because the law was not clearly established and their conduct was reasonable under the circumstances.

**Second Affirmative Defense**

Plaintiff failed to state a claim upon which relief can be granted because they failed to allege sufficient facts of Defendants' purported actions or omissions.

**Third Affirmative Defense**

Plaintiff failed to allege facts sufficient to state a claim for punitive damages, and punitive damages are not available under the Americans With Disabilities Act, Rehabilitation Act,

California's Disabled Person Act, and Unruh Civil Rights Act because they failed to allege sufficient facts of Defendants' purported actions or omissions.

**Fourth Affirmative Defense**

Plaintiff's claims are barred by the applicable statute of limitations.

**Fifth Affirmative Defense**

Plaintiff's injuries or damages, if any, were directly or proximately caused by the negligence, actions, or omissions of persons or entities other than Defendants.

**Sixth Affirmative Defense**

Plaintiff's injuries or damages, if any, were directly or proximately caused by his own actions or omissions.

**Seventh Affirmative Defense**

Plaintiff failed to exhaust his administrative remedies as to all the claims asserted in the complaint.

**Eighth Affirmative Defense**

Plaintiff's claims, damages, or relief are barred by the *Armstrong v. Davis* (N.D. Cal. No. CV 94-2307 CW) class action.

**DEMAND FOR JURY TRIAL**

Under Federal Rule of Civil Procedure 38, Defendants demand that this action be tried by a jury.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## PRAYER FOR RELIEF

Defendants pray for judgment as follows:

1. That Plaintiff take nothing by this action;
2. That Defendants be awarded costs of suit and attorney's fees; and
3. That Defendants be awarded such other relief as this Court deems proper.

Dated: November 16, 2015

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
CHRISTOPHER J. BECKER
Supervising Deputy Attorney General

***/s/ Diana Esquivel***

DIANA ESQUIVEL
Deputy Attorney General
*Attorneys for Defendants*

SA2015302309
32285325_2.doc